IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) J.H., a minor, by and through his parents and next friends, JOE HOWELL and ANGELINA HOWELL; and | ) ) ) ) | |
| (2) J.M., a minor, by and through his parent and next friend, DESTINEE MILLER; | ) ) ) | |
| (3) C.S., a minor, by and through her parent and next friend, TAMARA TURNER;<br>        Plaintiffs, | ) ) ) ) | |
| v. | ) ) | Case No. CIV-25-447-JAR |
| (1) INDEPENDENT SCHOOL DISTRICT NO. 19 OF CARTER COUNTY, OKLAHOMA a/k/a ARDMORE CITY SCHOOLS a/k/a ARDMORE PUBLIC SCHOOLS; and | ) ) ) ) ) | |
| (2) BETTY JO PLANTA-LEWIS, individually;<br>        Defendants. | ) ) | |

## ANSWER

Defendant Betty Jo Planta-Lewis, individually, for her Answer to Plaintiffs' First Amended Complaint, denies each and every allegation contained therein except those specifically admitted below.

### I. PRELIMINARY STATEMENT

1. Defendant admits Plaintiffs purport to bring a civil rights action pursuant to 42 U.S.C. § 1983 and related state-law claims. Defendant denies any liability to Plaintiffs.
2. Defendant admits she was employed by Ardmore City Schools as a special education teacher during part of the time period referenced in the First Amended Complaint. Defendant denies that she abused Plaintiffs or any student and denies the remaining allegations of paragraph 2.
3. Defendant denies the allegations of paragraph 3.
4. Defendant denies the allegations of paragraph 4.

5. Defendant admits that school surveillance footage from April 2024 was reviewed by school personnel and law enforcement and that criminal charges were later filed against her and subsequently dismissed. Defendant denies that the footage establishes abuse and denies the remaining allegations of paragraph 5.
6. Defendant denies the allegations of paragraph 6.
7. Defendant denies the allegations of paragraph 7.
8. Defendant admits Plaintiffs purport to assert claims under 42 U.S.C. § 1983 against the School District and state-law claims against Defendant. Defendant denies any liability to Plaintiffs.
9. Defendant admits Plaintiffs demand a jury trial.

## II. THE PARTIES

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 concerning J.H.'s residence and diagnoses and therefore denies the same, except admits J.H. was a student at Will Rogers Elementary School during relevant times.
11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and therefore denies the same.
12. Defendant admits J.H. was, during the 2023-2024 school year, a student in Defendant's classroom or under her instruction at times. Defendant denies the remaining allegations of paragraph 12 to the extent they characterize Defendant's conduct as wrongful.
13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 concerning the identities and residence of J.H.'s parents and therefore denies the same.
14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 concerning J.M.'s residence and diagnoses and therefore denies the same, except admits J.M. was a student at Will Rogers Elementary School during relevant times.
15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore denies the same.
16. Defendant admits J.M. was, during the 2023-2024 school year, a student in Defendant's classroom or under her instruction at times. Defendant denies the remaining allegations of paragraph 16 to the extent they characterize Defendant's conduct as wrongful.
17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 concerning the identity and residence of J.M.'s parent and therefore denies the same.
18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 concerning C.S.'s residence, diagnoses, and IQ and therefore denies the same, except admits C.S. was a student at Will Rogers Elementary School during the 2020-2021 school year.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 and therefore denies the same.

20. Defendant admits C.S. was, during the 2020-2021 school year, a student in Defendant's classroom or under her instruction at times. Defendant denies the remaining allegations of paragraph 20 to the extent they characterize Defendant's conduct as wrongful.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 concerning the identity and residence of C.S.'s parent and therefore denies the same.

22. Defendant admits paragraph 22.

23. Defendant admits the School District is a political subdivision of the State of Oklahoma. Defendant is without sufficient knowledge or information to admit or deny the remaining legal conclusions in paragraph 23 and therefore denies the same.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24 concerning the School District's policies, customs, and final policymakers and therefore denies the same.

25. Defendant admits paragraph 25.

26. Defendant is without sufficient knowledge or information to admit or deny paragraph 26 concerning service upon the School District and therefore denies the same.

27. Defendant admits she is Betty Jo Planta-Lewis and that she was employed by Ardmore City Schools as a special education teacher assigned to Will Rogers Elementary School during relevant times. Defendant denies that she acted wrongfully or in violation of Plaintiffs' rights and denies any remaining allegations inconsistent therewith.

28. Defendant admits she was arrested on or about 03 Jun 2024 and that criminal charges were filed in Carter County District Court. Defendant further states those charges were later dismissed. Defendant denies any implication that the filing of charges establishes wrongdoing.

29. Defendant admits she is believed to reside in Oklahoma. Defendant denies the remaining allegations of paragraph 29 to the extent they are inaccurate or unnecessary.

### III. JURISDICTION AND VENUE

30. Defendant admits this Court has subject matter jurisdiction over properly pleaded federal claims arising under federal law. Defendant denies any liability to Plaintiffs.

31. Defendant admits this Court has jurisdiction as provided by applicable federal statutes over properly pleaded civil rights claims. Defendant denies any liability to Plaintiffs and denies any allegation inconsistent with the law.

32. Defendant admits the Court may exercise supplemental jurisdiction over properly pleaded state-law claims forming part of the same case or controversy. Defendant denies any liability to Plaintiffs.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

34. Defendant admits venue is proper in this District.

35. Defendant admits she was employed by a public school district during relevant times. Defendant denies the remaining allegations of paragraph 35 to the extent they characterize her conduct as wrongful or unlawful.

36. Defendant admits she was acting within the course of her assigned employment duties at relevant times, but denies she committed abuse, intentional torts, or any unlawful act. Defendant further denies the remaining allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 38 concerning notice under the GTCA to the School District and therefore denies the same.

## IV. FACTUAL ALLEGATIONS

## A. THE HISTORIC FAILURES OF ARDMORE CITY SCHOOLS

39. Defendant is without sufficient knowledge or information to admit or deny the allegations concerning the School District's duties and alleged failures and therefore denies the same.

40. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 40 concerning the School District's alleged duties and therefore denies the same.

41. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 41 concerning the School District's alleged failures and therefore denies the same.

42. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 42 concerning District practices, motivations, and knowledge and therefore denies the same.

43. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 43 concerning the Forrester litigation and therefore denies the same.

44. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 44 and therefore denies the same.

45. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 45 and therefore denies the same.

46. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 46 and therefore denies the same.

47. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 47 and therefore denies the same.

48. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 48 and therefore denies the same.

49. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 49 and therefore denies the same.

50. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 50 and therefore denies the same.

51. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 51 and therefore denies the same.

52. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 52 and therefore denies the same.

53. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 53 concerning Susan Marie Hartman and therefore denies the same.

54. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 54 and therefore denies the same.

55. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 55 and therefore denies the same.

56. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 56 and therefore denies the same.

57. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 57 and therefore denies the same.

58. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 58 concerning other litigation and therefore denies the same.

59. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 59 concerning criminal proceedings involving another individual and therefore denies the same.

## B. THE MODUS OPERANDI OF BETTY PLANTA-LEWIS

60. Defendant admits she was employed by Ardmore City Schools as a special education teacher. Defendant denies the remaining allegations of paragraph 60 to the extent they characterize her as abusive or acting wrongfully.

61. Defendant admits she taught students in special education, including students with significant disabilities. Defendant denies the remaining allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant admits C.S. was in her classroom during the 2020-2021 school year. Defendant denies the remaining allegations of paragraph 64 to the extent they characterize Defendant's conduct as wrongful.

65. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 65 and therefore denies the same.

66. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 66 and therefore denies the same.

67. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 67 and therefore denies the same.

68. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 68 and therefore denies the same.

69. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 69 and therefore denies the same.

70. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 70 and therefore denies the same.

71. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 71 and therefore denies the same.

72. Defendant denies the allegations of paragraph 72.

73. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 73 and therefore denies the same.

74. Defendant admits she made a report to CPS concerning C.S. or concerns relating to C.S. during the 2020-2021 school year. Defendant denies any implication that such report was improper, false, malicious, or evidence of abuse.

75. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 75 and therefore denies the same.

76. Defendant denies the allegations of paragraph 76.

77. Defendant denies the allegations of paragraph 77.

78. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 78 and therefore denies the same.

79. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 79 and therefore denies the same.

80. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 80 and therefore denies the same.

81. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 81 concerning communications between C.S.'s parent and school administration and therefore denies the same.

82. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 82 and therefore denies the same.

83. Defendant denies the allegations of paragraph 83.

84. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 84 and therefore denies the same.

85. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 85 and therefore denies the same.

86. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 86 and therefore denies the same.

87. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 87 concerning actions by the School District and therefore denies the same.

88. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 88 and therefore denies the same.

89. Defendant denies the allegations of paragraph 89.

90. Defendant denies the allegations of paragraph 90.

91. Defendant denies the allegations of paragraph 91.

92. Defendant denies the allegations of paragraph 92.

93. Defendant denies the allegations of paragraph 93.

94. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 94 and therefore denies the same.

95. Defendant denies the allegations of paragraph 95.

96. Defendant denies the allegations of paragraph 96.

97. Defendant denies the allegations of paragraph 97.

98. Defendant denies the allegations of paragraph 98.

99. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 99 concerning reports allegedly made to school administration and therefore denies the same.

100. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 100 concerning the actions of the principal and superintendent and therefore denies the same.

101. Defendant denies the allegations of paragraph 101.

102. Defendant denies the allegations of paragraph 102.

103. Defendant denies the allegations of paragraph 103.

104. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 104 concerning the observations of parents and therefore denies the same.

105. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 105 and therefore denies the same.

106. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 106 and therefore denies the same.

107. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 107 and therefore denies the same.

108. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 108 and therefore denies the same.

109. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 109 and therefore denies the same.

110. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 110 concerning what Corporal Dylan Davis identified and therefore denies the same.

111. Defendant admits video exists from 26 Mar 2024. Defendant denies Plaintiffs' characterization of the footage and denies that the footage shows abuse as alleged in paragraph 111.

112. Defendant admits video exists from 28 Mar 2024. Defendant denies Plaintiffs' characterization of the footage and denies that the footage shows abuse or wrongdoing as alleged in paragraph 112.

113. Defendant admits video exists from 28 Mar 2024. Defendant denies Plaintiffs' characterization of the footage and denies that the footage shows abuse or wrongdoing as alleged in paragraph 113.

114. Defendant admits video exists from 05 Apr 2024. Defendant denies Plaintiffs' characterization of the footage and denies that the footage shows abuse or wrongdoing as alleged in paragraph 114.

115. Defendant admits video exists from 05 Apr 2024. Defendant denies Plaintiffs' characterization of the footage and denies that the footage shows abuse or wrongdoing as alleged in paragraph 115.

116. Defendant denies the allegations of paragraph 116.

117. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 117 concerning J.H.'s and J.M.'s communication abilities and therefore denies the same.

118. Defendant admits a Probable Cause Affidavit was signed by Corporal Dylan Davis on 16 Apr 2024. Defendant denies the truth of the characterizations and conclusions quoted in paragraph 118 and denies that she committed child abuse.

119. Defendant admits felony charges were filed in Carter County District Court and that those charges were later dismissed. Defendant denies any implication that the filing of charges establishes wrongdoing.

120. Defendant admits the Oklahoma State Department of Education entered an order revoking her teaching certificate or license. Defendant denies any implication that such administrative action establishes civil liability to Plaintiffs.

121. Defendant admits the Carter County District Attorney dismissed the criminal charges on or about 30 Oct 2025. Defendant is without sufficient knowledge or information to admit or deny the District Attorney's stated reasons and therefore denies the same.

## C. THE DISTRICT'S FAILURE TO INTERVENE, REPORT, AND PROTECT

122. Paragraph 122 concerns alleged duties of school personnel generally and the School District's compliance therewith. To the extent a response is required from this Defendant, Defendant admits Oklahoma law imposes mandatory reporting duties in certain circumstances and denies any allegation that she violated the law.

123. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 123 concerning District personnel generally and therefore denies the same.

124. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 124 concerning District administrators and policies and therefore denies the same.

125. Paragraph 125 is directed to the School District's alleged customs, practices, and policies. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

126. Defendant denies the allegations of paragraph 126 to the extent they allege Defendant caused physical pain, emotional distress, trauma, or educational or developmental regression.

127. Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 127 concerning statements by parents and therefore denies the same.

## V. CAUSES OF ACTION

COUNT I – 42 U.S.C. § 1983: Violation of the Fourteenth Amendment Right to Bodily Integrity (All Plaintiffs Against Defendant Ardmore City Schools)

128. Paragraph 128 incorporates prior allegations. To the extent a response is required, Defendant incorporates her prior responses.

129. Paragraph 129 states legal conclusions and alleges claims against the School District, not this Defendant. No response is required. To the extent a response is required, Defendant denies the same.

130. Paragraph 130 states legal conclusions and alleges claims against the School District, not this Defendant. No response is required. To the extent a response is required, Defendant denies the same.

131. Paragraph 131 alleges claims against the School District, not this Defendant. No response is required. To the extent a response is required, Defendant denies the same.

132. Paragraph 132 alleges failures and actions attributed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

133. Paragraph 133 alleges customs and policies of the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

134. Paragraph 134 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

135. Paragraph 135 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

136. Paragraph 136 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

137. Paragraph 137 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

138. Paragraph 138 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

139. Paragraph 139 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

140. Paragraph 140 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

141. Paragraph 141 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

142. Paragraph 142 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

143. Paragraph 143 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

144. Paragraph 144 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

145. Paragraph 145 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

146. Paragraph 146 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

147. Paragraph 147 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

148. Paragraph 148 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

149. Paragraph 149 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

150. Paragraph 150 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

151. Paragraph 151 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

152. Paragraph 152 alleges facts and conclusions directed to the School District. No response is required from this Defendant. To the extent a response is required, Defendant denies the same.

COUNT II – Negligence
(Plaintiffs Against Defendant Ardmore City Schools)

153. Paragraph 153 incorporates prior allegations. To the extent a response is required, Defendant incorporates her prior responses.

154. Paragraph 154 alleges a claim against the School District, not this Defendant. No response is required. To the extent a response is required, Defendant denies the same.

155. Paragraph 155 alleges conduct and duties of the School District, not this Defendant. No response is required. To the extent a response is required, Defendant denies the same.

156. Paragraph 156 alleges a claim against the School District, not this Defendant. No response is required. To the extent a response is required, Defendant denies the same.

157. Paragraph 157 alleges GTCA notice issues concerning the School District, not this Defendant. No response is required. To the extent a response is required, Defendant denies the same.

COUNT III – Gross Negligence
(Plaintiffs Against Defendant Ardmore City Schools)

158. Paragraph 158 incorporates prior allegations. To the extent a response is required, Defendant incorporates her prior responses.

159. Paragraph 159 alleges a claim against the School District, not this Defendant. No response is required. To the extent a response is required, Defendant denies the same.

160. Paragraph 160 alleges a claim against the School District, not this Defendant. No response is required. To the extent a response is required, Defendant denies the same.

161. Paragraph 161 alleges a claim against the School District, not this Defendant. No response is required. To the extent a response is required, Defendant denies the same.

COUNT IV – Assault and Battery
(Plaintiffs Against Defendant Planta-Lewis)

162. Defendant incorporates her prior responses.

163. Defendant denies the allegations of paragraph 163, specifically denying that she intentionally placed any Plaintiff in apprehension of immediate harmful or offensive contact, or that she unlawfully slapped, struck, grabbed, choked, dragged, pinned, shoved, forced items into the mouth of, or otherwise battered any Plaintiff.

164. Defendant denies the allegations of paragraph 164.

165. Defendant denies the allegations of paragraph 165, including any entitlement to punitive damages.

COUNT V – Intentional Infliction of Emotional Distress
(All Plaintiffs Against Defendant Planta-Lewis)

166. Defendant incorporates her prior responses.

167. Defendant denies the allegations of paragraph 167.

168. Defendant denies the allegations of paragraph 168.

169. Defendant denies the allegations of paragraph 169.

170. Defendant denies the allegations of paragraph 170.

171. Defendant denies the allegations of paragraph 171.

172. Defendant denies the allegations of paragraph 172.

## VI. DAMAGES

173. Defendant denies the allegations of paragraph 173 and denies that any act or omission by Defendant caused Plaintiffs to suffer the alleged damages.

174. Defendant denies the allegations of paragraph 174 and denies that Plaintiffs are entitled to any special damages from Defendant.

## VII. JURY DEMAND

175. Defendant admits Plaintiffs demand a jury trial and likewise demands trial by jury on all issues so triable.

To the extent Plaintiffs' Prayer for Relief seeks relief from this Defendant not expressly admitted above, Defendant denies Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden not otherwise imposed by law, and reserving the right to amend and supplement these defenses as discovery proceeds, Defendant asserts the following affirmative and other defenses:

1. Plaintiffs have failed to state a claim upon which relief can be granted against Defendant.

2. The First Amended Complaint fails, in whole or in part, to allege facts sufficient to support one or more elements of Plaintiffs' claims against Defendant.

3. Plaintiffs' claims are barred, in whole or in part, because Defendant did not commit the acts alleged in the First Amended Complaint.

4. Any conduct by Defendant was lawful, reasonable, privileged, justified, and/or undertaken in good faith in the course of supervising, directing, assisting, guiding, redirecting, or managing students in a special education classroom.

5. Plaintiffs cannot establish that Defendant acted intentionally, maliciously, recklessly, outrageously, or with conscious disregard of Plaintiffs' rights.

6. Plaintiffs cannot establish the extreme and outrageous conduct required to support a claim for intentional infliction of emotional distress.

7. Plaintiffs cannot establish the intent or harmful or offensive contact required to support assault or battery claims.

8. Plaintiffs cannot establish that any alleged act or omission of Defendant was the proximate cause of any injury, condition, regression, trauma, or damage claimed by Plaintiffs.

9. Plaintiffs' alleged injuries and damages, if any, were caused in whole or in part by preexisting conditions, unrelated causes, intervening causes, superseding causes, or the acts or omissions of third parties over whom Defendant had no control.

10. Plaintiffs' claims are barred or reduced to the extent Plaintiffs fail to prove actual injury or recoverable damages.

11. Plaintiffs have failed to mitigate their alleged damages, if any.

12. Any claim for punitive damages is barred because Defendant did not act with the oppression, fraud, malice, or reckless disregard required by Oklahoma law.

13. To the extent Plaintiffs seek to impose federal constitutional liability against Defendant individually, such claims are not pleaded in the First Amended Complaint, and if deemed pleaded, Defendant is entitled to qualified immunity because her conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

14. To the extent Plaintiffs seek to rely upon allegations concerning unrelated incidents, proceedings, complaints, or alleged conduct involving other employees, schools, or lawsuits, such matters are irrelevant to the claims against this Defendant, are denied, and do not establish liability against Defendant.

15. To the extent Plaintiffs seek to rely on criminal charges, administrative proceedings, or other extrajudicial matters, Defendant states that charges alone do not establish civil liability and that the criminal charges against Defendant were dismissed.

16. Plaintiffs' claims are barred, in whole or in part, by the doctrine that negligence, carelessness, or inadvertence cannot support intentional tort claims.

17. Defendant reserves the right to assert any additional affirmative defenses that become known through investigation and discovery.

**WHEREFORE**, Defendant Betty Jo Planta-Lewis prays the Plaintiffs take nothing by way of their First Amended Complaint, that judgment be entered in favor of Defendant, that

Defendant recover her costs as allowed by law, and that the Court award such other and further relief as it deems just and proper.

Respectfully, submitted,

JOSH HUTCHINS, OBA # 34054
Attorney for Defendant, BETTY JO PLANTA-LEWIS
120 N. Cherokee Ave.
Tahlequah, OK 74464
Tel: (918) 453-2800
Email: josh@hutchinslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20 day of APRIL 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Josh Hutchins